UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 99-MDL-1317-SEITZ/KLEIN

IN RE: TERAZOSIN HYDROCHLORIDE ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

*United Wisconsin Services, Inc., et al. v. Abbott Laboratories*, N.D. Ill. C.A. No. 99-C-7410(JBZ)

*Grosskrueger, et al. v. Abbott Laboratories, et al.*, N.D. Ill., C.A. No. 99C-7883(JBZ)

*Reid, et al. v. Abbott Laboratories, et al.*, D.D.C. C.A. No. 00-323

*Scafani v. Abbott Laboratories, et al.*, N.D. Cal. C.A. No. 00-00508-SBA

*Mednick v. Abbott Laboratories, et al.*, No. 2:00-3468

*O'Neal v. Abbott Laboratories, et al.*, No. 00-J-1504-S

*Grund v. Abbott Laboratories, et al.*, No. _______

*Blue Cross and Blue Shield of Alabama, Inc. v. Abbott Laboratories, et al.*, No. 00-1303-Civ.-Lenard

*Bernstein v. Abbott Laboratories*, E.D. Mich. C.A. No. 2:00-CV-72974

*Blue Cross and Blue Shield of Michigan v. Abbott Laboratories, et al.*, No. 5:01-CV-95

*State of Florida, et al. v. Abbott Laboratories, et al.*, S.D. Fla. No. 01-4006-Civ-Gold

FILED by ___ D.C.
MAR 6 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA · MIAMI

**ORDER PRELIMINARILY APPROVING THE INDIRECT PURCHASER PLAINTIFF (IPP) SETTLEMENT; CERTIFYING A TENNESSEE IPP SETTLEMENT CLASS FOR PURPOSES OF SETTLEMENT AND REVISING END DATE IN DEFINITION OF PREVIOUSLY-CERTIFIED IPP CLASSES; AUTHORIZING NOTICE TO MEMBERS OF THE IPP CLASSES; AND <u>SETTING FAIRNESS HEARING AND OTHER DEADLINES</u>**

THIS MATTER is before the Court upon the Motion for Preliminary Approval of Proposed Settlement, Certification of the Proposed Tennessee Indirect Purchaser Settlement Class for Purposes of



1538

Settlement and Revising End Date in Definition of Previously Certified Classes, and for Approval of the Form and Manner of Notice to TPP and Consumer Members of the IPP Classes, filed by the Indirect Purchaser Plaintiff Classes (the "IPP Classes") and the States of Florida, Kansas, and Colorado (the "Plaintiff States"), as defined in the Settlement Agreement (collectively, the "Plaintiffs"), on March 3, 2005 (the "Motion") **[DE-1534]**. The Court has thoroughly considered the Motion, the attachments thereto, and the submissions of the parties, and has held preliminary approval hearings on March 2 and 7, 2005, to consider the Motion and the proposed forms of the class notices. As expressed in the Court's oral rulings at the March 7, 2005, preliminary approval hearing, the Court is satisfied that the Proposed Settlement Agreement meets the applicable criteria for preliminary approval, and that the proposed form of notice and the plan for dissemination of notice to the members of the IPP Classes satisfy all applicable requirements. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motion, including all of its subparts **[DE-1534]** is GRANTED;

2. The Court has considered the Motion, the Memorandum of Law filed in support thereof, and the arguments of counsel at the hearing on March 7, 2005, and finds, in addition to those findings made on the record during the March 7, 2005 hearing, that the Indirect Purchaser Plaintiffs' proposed Tennessee Indirect Purchaser Class ("Tennessee Class") meets all the requirements of Rules 23(a) & (b)(3) of the Federal Rules of Civil Procedure. The Court therefore certifies a Tennessee Class of Indirect Purchaser Plaintiffs for purposes of settlement. The Tennessee Class is defined as follows:

> All persons and entities who or which have at any time from October 15, 1995 to March 7, 2005, paid all or part of the purchase price of Hytrin or its AB-rated generic bioequivalents other than for resale, in Tennessee or via mail for residents of Tennessee. Excluded from the Tennessee Class are the Defendants, their officers and directors, their direct and indirect parent and subsidiary corporations and their officers and directors; government entities; entities that purchased Hytrin and its generic bioequivalents for resale, to the extent of such purchases for resale; direct purchasers of Hytrin and its generic bioequivalents from Defendants, to the extent of such direct purchases; and indirect purchases who suffered no economic injury as a result of Defendants' allegedly unlawful conduct.

In addition, the end date in the definitions of the seventeen IPP Classes certified on April 8, 2004, is extended from June 30, 2002, to March 7, 2005. The IPP Classes certified on April 8, 2004, and the Tennessee Class are collectively the "IPP Classes."

3. The Proposed Settlement between Plaintiffs and the Defendants (attached as Exhibit 1 to the Motion) establishes a settlement fund of $30,700,000. The Settlement Fund, less Court-approved expenses and fees, and other payments, will be distributed among IPP Class Members and the Plaintiff States pursuant to the terms of the Settlement Agreement. Reached as a result of arm's-length negotiations by counsel experienced in complex litigation, the Proposed Settlement between the Parties appears, upon preliminary review, to be within the range of reasonableness warranting providing notice to the IPP Classes and proceeding with a Fairness Hearing. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation. Accordingly, the Court preliminarily approves the IPP Settlement Agreement, and the Settlement will be submitted to the IPP Classes for their consideration and for a fairness hearing in accordance with F.R.C.P. 23(e).

4. The Court approves the following schedule for proceedings on the Proposed Settlement:

(a) Notice of Settlement to be mailed to TPP members of the IPP Classes beginning March 10, 2005 and completed by March 11, 2005;

(b) Summary Notice of Settlement to TPP members of the IPP Classes to be published on or before March 11, 2005;

(c) TPP members of the IPP Classes to submit any Notices of Exclusion *for receipt* on or before April 11, 2005;

(d) TPP members of the IPP Classes to submit any objections or notices of intent to appear at the Final Fairness Hearing which shall be *postmarked* on or before April 11, 2005;

(e) Notice Plan for Consumer members of the IPP Classes beginning March 11, 2005, and completed by May, 15, 2005;

(f) Consumer members of the IPP Classes to submit any Notices of Exclusion which shall be *received* on or before June 15, 2005, and objections or notices of intent to appear at the Final Fairness Hearing, which shall be *postmarked* on or before June 15, 2005;

(g) Plaintiffs' Memorandum in Support of Final Approval of the Settlement, the Plaintiff States' motion for attorneys' fees and costs, and any IPPs' application for attorneys' fees, expenses, and incentive awards to be filed on or before June 15, 2005;[1]

(h) Hearing before the Court in final approval of the Settlement to be held at 10:00 a.m. on June 28, 2005; and

(i) Claim Forms submitted by TPPs and Consumers to the Settlement Administrator to be *postmarked* no later than July 15, 2005.

5. IPPs' Co-Lead Counsel are hereby Ordered to direct the Settlement Administrator: (a) to mail or cause to be mailed the Third Party Payer Notice of Settlement (the "TPP Notice") (substantially in the form of Exhibit 5 to the Motion, including any revisions ordered by the Court at the preliminary approval hearing) to each Third Party Payer that is a potential member of the Classes and whose address is reasonably ascertainable; (b) to mail or cause to be mailed the TPP Notice to any TPP that is a potential member of the Classes that requests a copy of the TPP Notice; and (c) to cause the TPP Summary Notice of Settlement (the "TPP Summary Notice of Settlement") (substantially in the form of Exhibit 6 to the Motion, including any revisions ordered by the Court at the preliminary approval hearing) to be published in the national edition of The Wall Street Journal one time.

6. IPPs' Co-Lead Counsel are hereby Ordered to direct the Settlement Administrator: (a) to mail or cause to be mailed to each consumer identified as a class member at the time of the administration of the settlement with Ivax Pharmaceuticals in these consolidated actions the Consumer Notice of Settlement (the "Consumer Notice") (substantially in the form of Exhibit 3 to the Motion, including any revisions

---

[1] Although the parties requested a deadline of June 20, 2005, the Court has moved this deadline earlier to afford the Court, and any other interested parties, sufficient time to review the filings.

ordered by the Court at the preliminary approval hearing); (b) to mail or cause to be mailed the Consumer Notice to each consumer that is a potential member of the Classes who requests a copy of the Consumer Notice; (c) to cause the Consumer Summary Notice of Settlement (the "Summary Notice of Settlement") (substantially in the form of Exhibit 4 to the Motion, including any revisions ordered by the Court at the preliminary approval hearing) to be published in each of those publications as set forth in the Notice Plan.

7. The Notice Plan (attached as Attachment C to the Settlement Agreement, including those revisions discussed at the preliminary approval hearing) constitutes the best notice practicable to the members of the IPP Classes and satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

8. The proposed Consumer Distribution Plan (attached as Exhibit 7 to the Motion), the proposed TPP Distribution Plan (attached as Exhibit 8 to the Motion), and that portion of the Government Compensation Plan allocating amounts specified for the Designated Governmental Entities and civil penalties to Colorado (attached as Exhibit 9) are approved.

9. The Court approves the designation in the Settlement Agreement of Complete Claim Solutions, Inc., as the Settlement Administrator. Responsibilities of the Settlement Administrator shall include those specified in the Settlement Agreement.

10. Any TPP member of the IPP Classes that wishes to be excluded from the IPP Classes shall mail via first-class mail a written Notice of Exclusion to the Settlement Administrator, to be *received* no later than April 11, 2005. The TPP Notice of Exclusion is approved.

11. Any Consumer member of the IPP Classes that wishes to be excluded from the IPP Classes shall mail via first-class mail a written request for exclusion to the Settlement Administrator, to be *receieved* no later than June 15, 2005.

12. Any information received by the Settlement Administrator in connection with the Settlement that pertains to a particular member of the IPP Classes, or information contained in a Notice of Exclusion (other than the identity of the entity or person requesting exclusion), shall not be disclosed to any person or

entity other than IPPs' Co-Lead Counsel and Defendants, or the Court.

13. A hearing shall be held before the undersigned United States District Judge at 10:00 a.m. on June 28, 2005 (the "Fairness Hearing") for the purpose of considering: (a) whether the proposed settlement between the Plaintiffs and the Defendants is fair, reasonable, and adequate, and should be approved by the Court; (b) whether IPPs' counsel's applications for fees and expenses incurred in prosecuting this case, and any incentive payments to IPPs, should be granted; and (c) Plaintiff States' motion for attorneys' fees and costs. The hearing may be rescheduled or continued. In this event, the Court will furnish all counsel with appropriate notice. IPPs' Co-Lead Counsel shall be responsible for communicating any such notice promptly to the Classes by having a conspicuous notice posted in the Settlement Administrator's website, www.terazosinlitigation.com.

14. Persons or entities wishing to object or otherwise be heard with respect to the proposed settlement, or to appear in person at the Fairness Hearing, must first send a *Notice of Intention to Appear and a Summary Statement* outlining the position(s) to be asserted and the grounds therefor, together with copies of any supporting papers or briefs, via first-class mail, postage prepaid, to the Settlement Administrator, with copies to Co-Lead Counsel for the IPP Classes and to Defendants. Such Notices and Statements from TPPs must be *postmarked* no later than April 11, 2005. Such Notices and Statements must be *postmarked* from Consumers no later than June 15, 2005. Except as herein provided, no person shall be entitled to contest the terms of the proposed settlement. All persons who fail to submit *a Notice of Intention to Appear* as well as a *Summary Statement* as provided above may be deemed to have waived such objections and will not be heard in person at the hearing.

15. The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfied each of the following requirements:

(a) The Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b) The Settlement Fund is established to resolve or satisfy one or more claims that have

resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c) The assets of the Settlement Fund are segregated from other assets of Defendants, the transferors of payments to the Settlement Fund.

16. Under the "relation back" rule provided under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that Defendants and the Settlement Administrator may jointly elect to treat the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the Settlement Fund met the requirements of ¶¶ 14(b) and 14(c) of this Order or January 1 of the calendar year in which all the requirements of ¶ 14 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Settlement Fund on that date.

17. Pending the effective date of the Settlement Agreement, all members of the IPP Classes are enjoined from instituting, commencing or prosecuting any action against the Defendants based upon or relating to the claims released as set forth in the Settlement Agreement.

18. Rider A to the Settlement Agreement, when filed, shall be filed under seal and shall remain under seal until March 10, 2007, or until such other date as the Court may order. Rider A is to be filed by June 28, 2005.

DONE and ORDERED in Miami, Florida, this 7th day of March, 2005.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
U.S. Magistrate Judge Theodore Klein
All Counsel of Record