UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 99-MDL-1317-SEITZ

IN RE TERAZOSIN HYDROCHLORIDE
ANTITRUST LITIGATION
_____/

**This Document Relates to:**

*Louisiana Wholesale Drug Co., Inc.*     Case No. (S.D. Fla.) 98-3125
*v. Abbott Laboratories, et al.*

*Valley Drug Company v. Abbott*     Case No. (S.D. Fla.) 98-7143
*Laboratories, et al.*
_____/

### ORDER DIRECTING *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS TO THE AMERICAN ANTITRUST INSTITUTE

THIS CAUSE is before the Court on the Sherman Act Class Plaintiffs' Motion for Cy Pres Distribution of Residual Net Settlement Funds [DE 1763]. On April 19, 2005, the Court approved the Settlement Agreement between the parties, establishing an aggregate Settlement Fund of $72.5 million, plus interest.[1] [DE 1557.] Pursuant to the Order Approving the Distribution of Settlement Funds [DE 1702], approximately $200,000 was paid from the Fund to the Settlement Administrator and the Plaintiffs' economic consultant. The balance was to be distributed to a list of 409 identified "Authorized Claimants . . . in proportion to the Settlement Allocation allocable to each such Authorized Claimant."[2] [DE 1702 at 2.] According to the Class Plaintiffs, all valid claims and expenses have been paid with $5,248.33 remaining in the Settlement Fund. [DE1763.] Class Plaintiffs now request that the Court approve a *cy pres* distribution of the residual funds to the American Antitrust Institute ("AAI"). *Id.* No objections have been filed.

The *cy pres* doctrine permits courts to distribute unclaimed settlement amounts to worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit. *See, e.g., In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1354 (S.D. Fla. 2011); *see also Schwartz v.*

---

[1] One-third of the Settlement Fund was paid out to Class Counsel in attorneys' fees and costs. [DE 1557 at 10.]
[2] The list of Authorized Claimants is attached as Exhibit 2 to the Declaration of Dr. Jeffrey Leitzinger, which is appended to Plaintiffs' Motion for Approval of Settlement Distribution. [DE 1701-1 at 59.]

*Dallas Cowboys Football Club, Ltd.*, 362 F. Supp. 2d 574, 577 (E.D. Pa. 2005) (considering the objectives of the underlying statutes and the nature of the underlying suit). The American Law Institute recommends *cy pres* distributions "only when direct distributions to class members are not feasible—either because class members cannot be reasonably identified or because distribution would involve amounts that, because of the administrative costs involved, such distribution would not be economically viable." American Law Institute, *Principles of the Law: Aggregate Litigation* § 3.07, cmt. b (2010).

Class Plaintiffs claim to have expended all reasonable efforts to distribute the Settlement Fund. [DE 1763 at 3.] According to the Claims Administrator, further efforts to distribute funds and follow-up with Class Members would be burdensome and wasteful. *Id.* Thus, Class Plaintiffs request the remaining $5,248.33 be distributed to the AAI, a non-profit organization dedicated to education, research and advocacy efforts to promote competition and protect consumers. The Court agrees with Class Plaintiffs' proposal. Distribution of the residual funds to the 409 Authorized Claimants would result in checks for approximately $12 per Claimant—before deduction of taxes and administrative costs. Sending such small amounts to each Claimant is not an economically viable option. Furthermore, the mission of the AAI, which is to promote competition that protects consumers, businesses, and society, is directly related to the underlying antitrust violations at issue. *See Standard Oil Co. v. Federal Trade Commission*, 340 U.S. 231, 248 (1951) ("In the Sherman and Clayton Acts . . . Congress was dealing with competition, which it sought to protect, and monopoly, which it sought to prevent."). Therefore, it is

ORDERED THAT

Class Plaintiffs' Motion for Cy Pres Distribution of Residual Net Settlement Funds [DE 1763] is **GRANTED**. The remaining $5,248.33 in the Settlement Fund shall be distributed to the American Antitrust Institute.

**DONE AND ORDERED** in Miami, Florida, this 1st day of August, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE